The Honorable Jim D. Garner State Representative, 11th District State Capitol, Room 284-W Topeka, Kansas 66612
Dear Representative Garner:
As representative for the 11th district, you request our opinion on disclosure of criminal history record information. We understand that a housing manager of properties operated through the United States department of housing and urban development (HUD) was told that information on other individuals' criminal records cannot be released to her under current state law.
Criminal history record information is "data initiated or collected by a criminal justice agency on a person pertaining to a reportable event." K.S.A. 1993 Supp. 22-4701(b). Reportable events include, among other things, issuance of an arrest warrant, an arrest, release of a person after arrest without the filing of a charge, dismissal or quashing of an indictment or criminal information, an acquittal, conviction or other disposition at or following trial, including a finding of probation before judgment and imposition of a sentence. K.S.A. 22-4705(a).
K.S.A. 22-4707(a) states:
 "A criminal justice agency and the central repository may not disseminate criminal history record information except in strict accordance with laws including applicable rules and regulations adopted pursuant to this act. A criminal justice agency may not request such information from the central repository or another criminal justice agency unless it has a legitimate need for the information."
Any individual violating the above provision shall be deemed guilty of a class A misdemeanor. K.S.A. 22-4707(d). The director of the Kansas bureau of investigation is vested with authority to adopt rules and regulations to implement the criminal history record information act, K.S.A. 22-4701 et seq. Attorney General Opinion No. 84-26. Pursuant to that authority, the director has promulgated K.A.R. 10-11-1:
 "Direct access to criminal history record information is prohibited except by employees of a criminal justice agency. Physical security of criminal history record information shall be maintained by a criminal justice agency by storing such information in a way as to prevent direct access by anyone not authorized in this section. In addition, reasonable steps shall be taken by a criminal justice agency to insure that criminal history record information will be secure from theft, sabotage, fire, wind, and other natural or man-made disasters."
Although criminal history record information is not directly open to the public, and disclosure to the public is prohibited by the act, the rules provide some exceptions. K.A.R. 10-12-1 states:
 "Upon a written request by an individual, a criminal justice agency may provide any conviction information in its possession. All such requests for conviction records shall include as part of the written request the full legal name, sex, race and date of birth of the individual in question." (Emphasis added).
The above rule allows individuals to request conviction information. However, the agency is not required to comply with the individual's request, and the disclosure of information is limited to conviction information. Disclosure of non-conviction criminal history record information is limited to the following requesters: (1) other criminal justice agencies, (2) those authorized by court order or subpoena, and (3) federal agencies for such investigative purposes as authorized by law or presidential executive order. K.A.R. 10-12-2. We are aware of no specific statutory or regulatory authority giving a housing manager of a HUD project a right to receive criminal history record information on prospective tenants.
In conclusion, criminal history record information is not open to the public and disclosure is restricted under the statutes. However, persons may request conviction records on individuals from a criminal justice agency which may discretionarily disclose the requested records.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Nobuko K. Folmsbee Assistant Attorney General
RTS:JLM:NKF:bas